IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEANDRA M. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:14-cv-68-WHA |
| | ) | [WO] |
| | ) | |
| ABI - MONTGOMERY DIVISION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Autauga County Metro Jail, in Prattville, Alabama, filed this 42 U.S.C. § 1983 action on January 31, 2014. As directed by the court, he filed an amendment to the complaint on March 7, 2014. *See Doc. Nos. 3, 7*. Plaintiff alleges a violation of his constitutional rights with regard to a search and seizure of his jail cell on January 27, 2014, his arrest and detention on a carjacking charge, and the conditions of his confinement. Named as defendants are the Alabama Bureau of Investigation, the Autauga County Sheriff's Department, the Lowndes County Sheriff's Department, the Honorable Sibley Reynolds, Special Agent Matt Bowman, S.L. Campbell of the Autauga County Sheriff's Department, Chief Sedinger, and Jim Steel, Narcotics Unit. Plaintiff requests he be totally exonerated of all charges and seeks damages for loss of wages, pain and suffering, mental and emotional distress, slander, and defamation of character and reputation. Upon review of the complaint and

1

amendment thereto, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.   DISCUSSION

*A.   Lowndes County Sheriff's Department and Autauga County Sheriff's Department*

The Lowndes County and Autauga County Sheriffs' Departments are not legal entities subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The court, therefore, concludes that Plaintiff's claims for relief against these defendants may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B.   The Alabama Bureau of Investigation*

The Alabama Bureau of Investigation ["ABI"] is, likewise, not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiff's claims against the ABI are "based on an indisputably meritless legal theory," and subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

  C. *Judge Sibley Reynolds*

    i. *Damages*

Plaintiff alleges that Judge Reynolds issued an illegal warrant authorizing the search of his cell by Defendants Bowman, Campbell, Sedinger, and Steel. The law is settled that judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Forrester v. White*, 484 U. S. 219, 227-29 (1988). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citations and quotation marks omitted).

    ii. *Non-Final Orders*

To the extent Plaintiff seeks relief from adverse decisions or actions of a state court not yet final, he is entitled to no relief on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal any non-final order issued or action taken by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Any claim challenging a non-final order issued or action taken by

either the state district or circuit courts of Alabama is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### iii.     Final Orders

To the extent Plaintiff seeks declaratory and/or injunctive relief from orders issued by a state court which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil*, 544 U.S. at 284); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is

merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). The court concludes that dismissal of any requests seeking relief from orders issued or actions taken by Judge Reynolds in any criminal case involving Plaintiff is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

      D.     *Illegal Search and Seizure Claim*

Plaintiff complains that on January 27, 2014, Defendants Bowman, Campbell, Sedinger, and Steel conducted an unlawful search and seizure of his cell at the Autauga County Metro Jail due to an "illegally issued and stamped" search warrant. Defendants Bowman, Campbell, Sedinger, and Steele conducted the search after transferring Plaintiff to another cell. During the search, Plaintiff contends that Defendants read and photographed his mail, writings, and legal mail and then confiscated his property. *Doc. No. 1* at 2-3. Plaintiff's contention that Defendants Bowman, Campbell, Sedinger, and Steele performed an unlawful and/or unauthorized search of legal and non-legal documents in his cell and subsequently confiscated said material in violation of his Fourth Amendment rights entitles him to no relief. While the Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ," U.S. Const. amend. IV, the Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Bell v. Wolfish*, 441 U.S. 520, 557 (1979) (holding that pretrial detainees have no Fourth Amendment right to be

5

present when cell and belongings in it are searched). "The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." *Hudson*, 468 U.S. at 525 (internal quotation marks and citation omitted). In prison cases, however, "the prisoner's expectation of privacy [must] always yield to what must be considered the paramount interest in institutional security." *Id.* at 527; *see also Bell*, 441 U.S. at 557 ("[G]iven the realities of institutional confinement, any reasonable expectation of privacy that a [pretrial] detainee retained necessarily would be of a diminished scope.").

As a prisoner, Plaintiff has no reasonable expectation of privacy in his cell, and the Fourth Amendment, therefore, did not apply to Defendants' search of his cell, even if he was not present and even if they confiscated his property. *See Hudson*, 468 U.S. at 536 (holding that prisoner's constitutional rights not violated "even if [guard] intentionally destroyed [prisoner's] personal property" because adequate remedy existed for deprivation of property under state tort law);[2] *Bell*, 441 U.S. at 557 (holding that unannounced searches of pretrial detainee's rooms outside their presence does not violate Fourth Amendment). Because Plaintiff's allegation that Defendants Bowman, Campbell, Sedinger, and Steele conducted an unreasonable search and seizure of property from his

---

[2]The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. Ala. Code § 41-9-60, *et seq*.

cell states no viable Fourth Amendment claim, it is due to be dismissed.[3]  *See Neitzke*, 490 U.S. 319; 28 U.S.C. § 1915(e)(2)(B)(i).

    *E.*    *Pending Charges*

Plaintiff alleges that he was falsely arrested on a carjacking charge.  He maintains that in June 2012 Defendant Bowman testified under oath he did not have any physical evidence linking Plaintiff to four cases he was investigating.  Plaintiff asserts that the probable cause placed before Judge Reynolds, presumably for the carjacking charge, was, thus, unwarranted and unverified.  *Doc. No. 1* at 3.  At a preliminary hearing held in July 2013, Plaintiff states that Defendant Bowman and the U.S. Marshal Task Force testified there was no evidence of a carjacking or murder involving Plaintiff, nonetheless, the ABI and U.S. Marshal Task Force conspired to charge him with carjacking.  *Doc. No. 7* at 1. Plaintiff further maintains Defendant Bowman has threatened and coerced witnesses, taken statements from people who have deliberately given false information, and interfered with "lawyer/client communication(s) of defense including the compulsory process of trial."  *Doc. No. 1* at 3; *Doc. No. 7* at 1.

If Plaintiff challenges the constitutionality of a pending carjacking charge against him before the state court and his confinement under this charge, he is entitled to no relief

---

[3] Plaintiff offers no details as to the nature of the legal mail removed from his cell.  The court notes, however, that a temporary deprivation of an inmate's legal materials does not, in all cases, rise to the level of a constitutional deprivation.  *See Tyler v. "Ron" Deputy Sheriff or Jailer/Custodian of Prisoners*, 574 F.2d 427, 429 (8th Cir. 1978).  Additionally, in order to state a viable claim of a denial of access to the courts based on the confiscation of legal material, an inmate must show an actual injury has occurred.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  To meet this requirement, the plaintiff must show that the actions of the prison officials hindered his efforts to pursue a non-frivolous claim.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

in this cause of action. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must not interfere with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. Plaintiff has an adequate remedy at law because he may pursue any federal constitutional issues through remedies available in the state court system during the ongoing state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff has not alleged that any special circumstances exist which create a threat of irreparable harm. That Plaintiff must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's claims for relief related to the criminal charge(s) pending against him and dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

Regarding Plaintiff's contention that Defendant Bowman conspired with the U.S. Marshall Task Force to subject him to a false arrest based on false charges, he is entitled to no relief. *Doc. No. 7* at 1. Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Other than his self-serving allegations, Plaintiff presents nothing to this court which indicates that Defendant Bowman entered into a conspiracy to bring false charges against him or subject him to a false arrest. The court, therefore, concludes that Plaintiff's bare

allegation of a conspiracy cannot support a claim for relief under 42 U.S.C. § 1983. *Fullman*, 739 F.2d at 556-57.

To the extent Plaintiff's complaint against Defendant Bowman may be construed to allege this defendant committed perjury when he filed false criminal charges against Plaintiff or gave perjured testimony during Plaintiff's criminal court proceedings, such claims provide no basis for relief. The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . . , all witnesses—police officers as well as lay witnesses—are absolutely immune from civil liability based on their testimony in judicial proceedings." *Id.* at 328 (citing *Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981)). The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id.* at 327, n. 1. Plaintiff's perjury claim is without legal basis and may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

    F.    *Slander and Defamation*

To the extent Plaintiff claims that his arrest and detention on what he alleges is an unwarranted criminal charge has subjected him to slander and defamation of character, he is entitled to no relief. This claim fails to state a claim of constitutional proportion since the Constitution does not forbid defamation, libel or slander. *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)) (holding that defamation, which encompasses libel and slander, is a tort actionable under the law

of most states, but not a constitutional deprivation); *Paul v. Davis*, 424 U.S. 693 (1976) (recognizing that an interest in reputation alone is not a liberty or property interest protected by the Due Process Clause, thus holding that defamation does not establish a claim under 42 U.S.C. § 1983).

### G. The Conditions Claim

In conclusory fashion, Plaintiff complains that he has been subjected to cruel and unusual punishment because he is locked up and because he has been transferred from jail to jail.[4] He further asserts that he is not allowed to use the law library. *Doc. No. 1* at 3.

Plaintiff's allegation he has been subjected to "lock-up," without more, fails to state a claim for relief under § 1983. *See Bell*, 441 U.S. at 536 (government may detain a criminal suspect "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."); *Kibwika v. Broward Cty. Sheriff's Office*, 453 F. App'x 915, 916-19 (11th Cir. 2012) (dismissing Plaintiff's conditions of confinement claim that he was locked down in his cell for eighteen hours per day because he did not demonstrate that it was imposed for the purpose of

---

[4]The court notes that a pretrial detainee's claims of subjection to cruel and unusual punishment are considered under the Fourteenth Amendment Due Process Clause since states may not punish pretrial detainees prior to their conviction of a crime. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572-74 (11th Cir. 1985) (citing *Bell*, 441 U.S. at 562) (stating that conditions of confinement imposed prior to conviction are limited instead by the due process clause of the fourteenth amendment). Because the minimum standard allowed by the Due Process Clause is the same as that allowed by the Eighth Amendment, an Eight Amendment analysis is equally as applicable to Plaintiff's claims as a Fourteenth Amendment analysis. *Id.*

punishment). Similarly, Plaintiff's complaint he has been subjected to transfers among various jails implicates no constitutional right to which he is entitled. Prisoners do not have a constitutional right to remain in or be transferred to a penal institution of their own choosing. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1420 (S.D. Ill. 1994) ("[a] pre-trial detainee does not have the right to be housed at the facility of his choice").

Plaintiff's allegation he has not been allowed to use the law library entitles him to no relief. To make out a claim of denial of access to the courts under § 1983 a plaintiff must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). This requisite injury requirement is met by demonstrating that a non-frivolous legal claim has been frustrated or impeded. *Lewis*, 518 U.S. at 353. It is not enough to merely allege a denial of access to a law library. Because Plaintiff's allegation articulates no "actual injury" accruing to him based on his contention he has been denied access to the law library, this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims presented against the named defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and/or (iii);

2. Plaintiff's challenges to the criminal charge pending against him before state court be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 7, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE